UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:11-CR-27 |
| | ) |
| PAUL PRATER | ) |

**REPORT AND RECOMMENDATION**

Defendant is charged with being a convicted felon in possession of ammunition. Defendant has filed a motion to dismiss the indictment[1] on the basis that the offense with which he is charged requires a "specific intent" and that he did not know a convicted felon could not legally possession ammunition. The motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

In his motion, defendant points out that a purchaser of a *firearm* is required to fill out and sign a questionnaire in which the purchaser is asked if he is a convicted felon, but there is no such form or questionnaire for a purchaser of ammunition.

At the hearing on February 17, 2012, defendant's counsel, at defendant's request, posed an additional argument: that the person who sold the ammunition knew defendant was a convicted felon; and he knew that it was illegal for a felon to buy or possess ammunition; and therefore defendant should not be held criminally liable for buying that ammunition. It is something of an "entrapment" theory.

---

[1]Doc. 51.

For an act to constitute a violation of 18 U.S.C. § 922(g)(1), the actor need not have intended to do an act he knew was illegal. The "intent" required to trigger a violation of the statute is the intent to do the act itself, i.e., possess ammunition. The actor's knowledge of, or ignorance of, the illegality of the act is irrelevant. *See, e.g., United States v. Wilson*, 437 F.3d 616 (7th Cir. 2006):

> Defendant's **knowledge** of the legality or **illegality** of his conduct is irrelevant to his conviction on the **felon**-in-possession charge. The mental state required for a conviction under § 922(g)(1) is that the defendant "knowingly" committed a violation of the statute. *See* 18 U.S.C. § 924(a)(2). We have held that the "knowingly" standard in § 924 requires only that a defendant possess "the intent to do the act that is proscribed by law," and that the government need not prove either a defendant's knowledge of the law or, by necessary implication, a defendant's knowledge of the illegality of his actions. *United States v. Obiechie,* 38 F.3d 309, 314–15 (7th Cir.1994); *United States v. Toney,* 27 F.3d 1245, 1252 (7th Cir.1994). As applied to this case, the government was required to prove only that [defendant] intended to possess ammunition, not that he knew his possession was prohibited by federal law.

*Id*. at 620.

Thus, defendant's personal lack of knowledge that his possession of ammunition was illegal is irrelevant. Similarly, that fact that he may have been "aided and abetted" by the clerk who sold him the ammunition, whether intentionally or unintentionally, is likewise irrelevant. A sales person who sells a gun or ammunition to a person he knows to be a felon does not excuse the purchaser from criminal liability, any more than a purchaser of illegal drugs is excused from criminal liability because the person from whom he purchased those drugs knew the transfer was illegal.

It is respectfully recommend that defendant's motion to dismiss be denied.[2]

Respectfully submitted,

                                              s/ Dennis H. Inman
                                     United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).