IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA       )
                                     )
v.                                 )        No. 2:11-CR-027
                                     )
PAUL DOUGLAS PRATER        )

## **MEMORANDUM AND ORDER**

A single-count indictment charges the defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Now before the court is the February 17, 2012 report and recommendation of Chief United States Magistrate Judge Dennis H. Inman [doc. 57], recommending that the defendant's motion to dismiss [doc. 51] be denied. The defendant has objected [doc. 59] to the report and recommendation.

The district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## I.

### *Specific Intent*

The defendant argues that the indictment must be dismissed because he did not possess the necessary "specific intent" to violate § 922(g)(1). In other words, the defendant contends that he cannot be prosecuted because he was allegedly unaware that convicted felons cannot legally possess ammunition. The defendant is incorrect.

"[T]he only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm [or, in this case, ammunition]." *United States v. Davis*, 27 F. App'x 592, 600 (6th Cir. 2001) (citation and quotation omitted). The government is not required to prove that a defendant had actual knowledge that his possession was illegal. *See id.* "Instead, the statute requires only that the defendant know that he is in possession of a firearm [or ammunition] after being convicted of the requisite offense." *Id.* (citation omitted); *see also United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003) ("the only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm [or ammunition]") (citation and quotation omitted); *United States v. Wood*, 365 F. App'x 670, 671 (6th Cir. 2010) (same); *United States v. Hunter*, 4 F. App'x 295, 302 (6th Cir. 2001) ("we agree with the district court that a good faith belief or mistake of law defense was unavailable as a matter of law").

2

*Sales Clerk*

The defendant next seeks to shift blame to the pawn shop employee who sold him the ammunition. According to the defendant, the sales clerk either was ignorant of the law or knowingly sold the bullets despite the defendant's prohibited status.

The seller's culpability is irrelevant. The defendant "was never affirmatively misled by any official, much less a federal official, as to his right to bear arms [or ammunition]." *Hunter*, 4 F. App'x at 302. Further, as aptly observed by Judge Inman, "A sales person who sells a gun or ammunition to a person he knows to be a felon does not excuse the purchaser from criminal liability, any more than a purchaser of illegal drugs is excused from criminal liability because the person from whom he purchased those drugs knew the transfer was illegal."

III.

*Vagueness*

Next, the defendant contends that § 922(g) is unconstitutionally vague, denying him "fair warning . . . of what the law commands or forbids." That argument is absurd. Section 922(g)(1) is quite understandable. "It shall be unlawful for any person who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year to ship or transport . . . or possess . . . any firearm or ammunition; or to receive any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(1). The statute is neither vague nor

3

overbroad.  *See United States v. Whisnant*, No. 3:07-CR-32, 2008 WL 4500118, at *3-4

(E.D. Tenn. Sept. 30, 2008).

## IV.

### *Cruel and Unusual Punishment*

Lastly, the defendant claims that § 922(g)(1) subjects him to cruel and unusual

punishment.  That argument is without merit.  *See United States v. Moore*, 643 F.3d 451, 456

(6th Cir. 2011).

## V.

### *Conclusion*

For the reasons provided herein, the court **ADOPTS** the findings of fact and

conclusions of law set out in Magistrate Judge Inman's report and recommendation [doc. 57].

It is **ORDERED** that the defendant's motion to dismiss [doc. 51] is **DENIED**, and his

objections [doc. 59] are **OVERRULED**.

It is lastly noted that the defendant requests a hearing to receive "guidance as

to the matters that will be proper for the defense to argue and present proof on at trial

regarding" the issue of intent.  Such a hearing is unnecessary.  The court's ruling herein

provides all the guidance that is needed.  The defendant's alleged ignorance of the law,

and/or the alleged ignorance or misconduct of the sales clerk, are irrelevant.  Proof and/or

argumentation regarding those issues will not be allowed at trial.

4

**IT IS SO ORDERED.**


ENTER:



       s/ Leon Jordan
United States District Judge