IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-027 |
| | ) | |
| PAUL DOUGLAS PRATER | ) | |

**MEMORANDUM AND ORDER**

The defendant is charged in a single-count indictment with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). That statute provides in material part, "It shall be unlawful for any person who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year to ship or transport . . . or possess . . . any firearm or ammunition; or to receive any firearm or ammunition . . . ." Now before the court is the defendant's second motion to dismiss [doc. 65], which is ripe for the court's consideration.

It is apparent that the defendant has at least once been convicted under New York law of "a crime punishable by imprisonment for a term exceeding one year[.]" The defendant begins his latest motion with a citation to section 79(1) of the New York Civil Rights Law: "[A] sentence of imprisonment in a state correctional institution for any term [excluding life and indeterminate sentences] . . . suspends, during the term of sentence, all the civil rights ... held by [] the person sentenced." Based on that quotation, the defendant suggests that his right to bear ammunition was merely "suspended" while he was

incarcerated, and that the right was then restored when he completed his term(s) of imprisonment. *See* 18 U.S.C. § 921(a)(20) (federal felon in possession laws do not apply to persons whose civil rights have been fully restored).

The defendant then acknowledges, however, that his argument has been previously rejected by the Second Circuit Court of Appeals. *See United States v. Bullock*, 550 F.3d 247 (2d Cir. 2008). Section 79 of the New York Civil Rights Law potentially speaks only to the rights to vote, serve on a jury, and hold elected office. *See id.* at 250. New York Civil Rights Law 79 does not impact a *federal* prosecution for being a felon in possession of ammunition. *See id.*

Next, the defendant contends that section 922(g), as it pertains to ammunition, infringes on his Second Amendment rights. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court struck down an "absolute prohibition of handguns held and used for self-defense in the home." 554 U.S. at 636. *Heller* was not a felon in possession case, and the Court clarified that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27.

Because the above-cited quotation mentions only firearms and not ammunition, the defendant insists that possession of ammunition by felons is no longer unlawful. Of

course, the Supreme Court made clear that it was mentioning the above-noted "presumptively lawful regulatory measures *only as examples*; our list does not purport to be exhaustive." *Id.* at 627 n.26 (emphasis added). Further, the Supreme Court's focus on firearms is not surprising since *Heller* involved a challenge to a *handgun* law. Lastly, the Sixth Circuit has on at least one occasion rejected an accused's Second Amendment *Heller* challenge to section 922(g)(1)'s ammunition prohibition. *See United States v. Whisnant*, 391 F. App'x 426, 427, 430 (6th Cir. 2010).

The defendant attempts to somehow distinguish his case by noting that he was arrested in Tennessee, which may have different restoration of rights laws than does New York. According to the defendant, this results in "an unconstitutional disparity and an unconstitutional infringement" on his Second Amendment rights. The court finds the defendant's argument to be so severely underdeveloped that it is waived. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed [argumentation], are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted).

For the reasons stated herein, the defendant's second motion to dismiss [doc. 65] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge