# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-027 |
| | ) | |
| PAUL DOUGLAS PRATER | ) | |

## **O R D E R**

The United States Court of Appeals for the Sixth Circuit remanded this case for resentencing. The United States Probation Office has issued a revised Presentence Investigation Report ("PSR") [doc. 113]. The defendant filed objections to the PSR [docs. 109, 115] which have been fully resolved in his favor by the probation office [doc. 119].

The United States also filed an objection, arguing that the defendant's offense level should be increased by four pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(6)(B). In relevant part, that guideline applies if a defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." The defendant has responded to the objection [doc. 115] and the United States has filed a reply [doc. 117].

In his response, the defendant argues only that the United States forfeited its objection by not raising it during the initial sentencing and appeal. There is indeed a "general rule that when a party fails to seek review of a district court's final order, it is

barred from reasserting that issue in any subsequent appeals occurring in that case." *United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000). A remand does not automatically "give the parties license to re-assert issues that they should have raised during an earlier appeal." *Id.*

However, as with most general rules, there exists an exception. A party may "address issues on remand not addressed during the initial sentencing appeal if the moving party had been either unable to assert the issue initially or the issue only became logically relevant following remand." *United States v. Boudreau*, 564 F.3d 431, 435 n.1 (6th Cir. 2013) (citing *United States v. Hebeka*, 89 F.3d 279, 284 (6th Cir. 1996)); *McKinley*, 227 F.3d at 718 (same). That is the case here.

As the United States correctly points out, guideline §2K2.1(b)(6) was a moot issue at the original sentencing. The defendant's previous total offense level of 33 was determined under Chapter Four of the guidelines (specifically, § 4B1.4(b)(3)(B)) due to his status as an Armed Career Criminal. His offense level as calculated under Chapter Two of the guidelines was only 24 and would have increased only to 28 if § 2K2.1(b)(6) had been deemed applicable. The defendant's total offense level was therefore 33, the highest of these numbers. *See* U.S.S.G. § 4B1.4(b)(1), (3)(B) ("The offense level for an armed career criminal is the greatest of . . . .").

Now, after the Sixth Circuit's remand and after the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the parties agree that the defendant is no longer an Armed Career Criminal. The defendant's total offense level will now be calculated under Chapter Two. As such, guideline § 2K2.1(b)(6)(B) is an

2

issue which "only became logically relevant following remand." *Boudreau*, 564 F.3d at 435 n.1. In fact, had the United States filed an objection to the non-application of § 2K2.1(b)(6)(B) at the original sentencing, this court would not even have been required to rule on the issue due to its mootness at the time. *See* Fed. R. Crim. P. 32(i)(3)(B).

Because guideline § 2K2.1(b)(6)(B) "only became logically relevant following remand," the United States has not forfeited the issue. The United States' objection is properly before the court and will be addressed at sentencing following presentation of the United States' proof.

Sentencing, presently scheduled for 10:15 a.m. on November 10, 2015, is **RESET** to **10:00 a.m.** that same day.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge